REQUESTED BY: Senator Rex Haberman Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Haberman:
In your letter of February 11, 1981, you ask for our opinion as to whether the Legislature exercises an unconstitutional delegation of legislative authority by permitting state executive officers, agencies, or boards to set, determine, or adjust various rates of taxation. You have informed us that you need this information in connection with a bill now pending before the Legislature.
The guidelines with respect to delegation of this particular legislative power are set out in Anderson v.Tiemann, 182 Neb. 393, 155 N.W.2d 322 (1967), dealing with the delegation of power to the State Board of Equalization and Assessment to set the rates of sales and income taxes. Section 15 of the original Sales and Income Tax Act contained provisions for the setting of such tax rates by the board, which provisions were similar to those now found in Neb.Rev.Stat. § 77-2715.01 (Supp. 1980). The court upheld the provisions in question, saying:
 The plaintiffs' contentions with respect to unconstitutional delegation of legislative power extend also to the provisions of L.B. 377 which require the State Board of Equalization and Assessment to set the rate of tax on or before November 15 of each year for the taxable year beginning during the subsequent calendar year. Section 15 of L.B. 377, in at least five subsections, explicitly sets out the computations to be made by the state board, the method and manner in which the computations shall be adjusted and determined, and the specific standards to be used in setting the rate of tax. The discussion as to delegation of legislative authority to the Tax Commissioner and the rules set out above also apply with respect to the delegation of authority to the State Board of Equalization and Assessment. L.B. 377 constitutes a valid and lawful delegation of authority to the State Board of Equalization and Assessment and does not violate the Constitution of Nebraska nor the United States.
Therefore, the rule with respect to the delegation of tax rate-setting power to an administrative agency is the same as the rule with respect to delegation of other legislative powers. It will be upheld if the act delegating the power contains standards limiting the delegation, and specifying how it will be exercised. We suppose that the standard with regard to tax rate-setting should be more restrictive than in some other areas. The act should specify pretty clearly how the computation is to be made, and not leave too much discretion to the administrative body. The formula found in § 77-2715.01 is a good pattern. In theory, at least, fixing the rates under that section is almost a matter of mathematical computation using the criteria specified in the statute. A delegation using any such formula will, we believe, be upheld.
You also ask under what conditions such delegation would be unconstitutional. We believe our previous discussion answers this question. Clearly, such delegation without legislative standards would fail. Not much administrative discretion would be permitted in this area. Discretion is to be exercised by the Legislature, not the administrative body, which should simply use the standards specified in the statutes to reach the result intended by the Legislature.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General